**Gabriel Del Virginia, Esq. (GDV-4951)**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Proposed Attorneys for the Debtor*
*and Debtor in Possession.*
488 Madison Avenue-21st Floor,
New York, New York 10022.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

In re

                                  Chapter 11

74 SEVENTH LLC,

    d/b/a "*Centro Vinoteca*",

                Debtor.       Case No. 09-B-

------------------------------------X

**DECLARATION OF SASHA MUNIAK PURSUANT TO**
**<u>RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES.</u>**

       SASHA MUNIAK, being duly sworn, deposes and respectfully says:

       1.   I am a sole and managing member of 74 Seventh, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), and I am familiar with the Debtor's business and financial affairs. I submit this declaration pursuant to Local Bankruptcy Rule 1007-2.

**A.**    **<u>Background (Local Rule 1007-2(a)(1).</u>**

       2.   The Debtor is a New York limited liability company in the business of operating a fine, and innovative Italian restaurant under the name of "Centro Vinoteca" at 74-76 Seventh Avenue South

in the "West Village", section of the borough of Manhattan, City of New York (the "Premises").

3. The Debtor opened for business in March, 2006.

4. Accordingly, equity and debt capital was obtained and the Debtor undertook an extensive and expensive build-out of the premises. The Debtor opened for business, operated and received very favorable reviews; but such reviews and the loss of the Debtor's chef severely impaired the Debtor's business.

5. Consequently, the Debtor's business has continued to suffered to the point where it has fallen behind on rent payments to its landlord as well as its obligations to the New York State Department of Taxation and Finance. Accordingly, your deponent decided to seek protection of this court, and either sell all the Debtor's assets to a prominent restaurant operator; or seek equity capital.

**Local Rule 1007-2(a)(2).**

6. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**Local Rule 1007-2(a)(3).**

7. There has been no committee organized before the order for relief.

**Local Rule 1007-2(a)(4).**

8. The holders (and their names, addresses and additional information) of the twenty largest unsecured claims against the

Debtor are included in the documents filed herewith, and are incorporated herein by reference.

**Local Rule 1007-2(a)(5).**

10. Holders of secured claims against the Debtor, will be set forth on Schedule D and incorporated by reference.

**B.  Requirements of 11 U.S.C. § 1116 Local Rule 1007-2(a)(6).**

11. A balance sheet setting forth a summary of the Debtor's assets and liabilities, and statement of operations/cash flow statement are provided pursuant to 11 U.S.C. § 1116. The Debtor's current Federal tax returns are filed herewith.

**C.  Additional Information.**

**Local Rule 1007-2(a)(7).**

12. The Debtor has no publicly held securities.

**Local Rule 1007-2(a)(8).**

13. The property in not currently in the possession of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for such entity.

**Local Rule 1007-2(a)(9).**

14. The Debtor operates from the Premises.

**Local Rule 1007-2(a)(10).**

15. The location of the Debtor's substantial assets is at the Premises.

**Local Rule 1007-2(a)(11).**

N/A

**Local Rule 1007-2(a)(12).**

16. Your deponent is the sole Manager of the Debtor's business.

**Local Rule 1007-2(b)(1).**

17. The Debtor estimates weekly payroll expenses to employees (exclusive of officers, directors, stockholders, and partners) for the thirty day period following the filing of the Debtor's petition to be approximately $10,000.00

**Local Rule 1007-2(b)(2).**

18. No amount is proposed to be paid for services to officers, stockholders, and directors, for the thirty-day period following the filing of the Debtor's petition.

**Local Rule 1007-2(b)(3).**

19. The Debtor anticipates approximate gross cash receipts for the thirty-day period following the filing of the Debtor's petition to be: $157,500.00 and disbursements for the same period in the amount of $151,000.00.

I hereby declare, pursuant to 28 U.S.C. § 1746 that the foregoing is true to the best of my knowledge, information and belief.


/s/ Sasha Muniak
**SASHA MUNIAK**

Dated:      October 19, 2009
            New York, New York