Gabriel Del Virginia, Esq. (GDV-4951)
LAW OFFICES OF GABRIEL DEL VIRGINIA
*Proposed Attorneys for the Debtor
and Debtor in Possession.*
488 Madison Avenue, 19th Floor,
New York, New York 10022.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

Hearing Date: February 9, 2010
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X

In re

74 SEVENTH LLC,

    d/b/a "CENTRO VINOTECA,"

        Debtor.

------------------------------------X

Chapter 11

Case No. 09-16259-smb

**DEBTOR'S MOTION FOR**
**AN ORDER EXTENDING ITS TIME BY WHICH IT MUST ASSUME**
**OR REJECT AN UNEXPIRED LEASE OF NON-RESIDENTIAL REAL PROPERTY.**

**TO:  THE HONORABLE STUART M. BERNSTEIN,**
      **CHIEF UNITED STATES BANKRUPTCY JUDGE**

74 Seventh LLC, d/b/a "Centro Vinoteca," the above-captioned debtor and debtor-in-possession (the "Debtor"), by its undersigned proposed counsel, Law Offices of Gabriel Del Virginia, submits the instant motion and hereby seeks the entry of an Order under 11 U.S.C. §§105 and 365, extending the Debtor's time within which it must assume or reject the Debtor's unexpired lease of non-residential real property (the Lease) for a period of ninety(90)

1

days, up to and including May 20, 2010(the "Extension"), and respectfully sets forth and represents as follows:

## CASE BACKGROUND.

1. The Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") on October 22, 2009 (the "Petition Date"). The Debtor continues to manage its property as a debtor and debtor-in-possession. No trustee or examiner has been appointed in this case. Also, no official committee of unsecured creditors has been appointed.

2. The Debtor is a New York limited liability company in the business of operating an upscale, café, restaurant, and catering service, with a focus on Italian specialties. The Debtor is located 74-76 Seventh Street in the borough of Manhattan, City of New York (the "Premises").

3. The Debtor's need to seek relief in this Court was manifold. The Debtor's operations, during the past year were severely affected by the broad economic downtown. Accordingly, the Debtor fell behind on its obligations to, among its other creditors, its lessor at the Premises (the "Lease Arrears").

4. While operating under the protection of this Court, the Debtor and Sasha Muniak, its managing member, are diligently seeking to identify and negotiate with prospective investors or

purchasers as a means to emerge promptly from bankruptcy.

5. Additionally, under the terms of the subject Lease, the Debtor may have the option to purchase the Premises (the "Purchase Option"). The Purchase Option would allow the Debtor or any assignee of the Lease to Purchase the Premises for $3,600,000.00. The Debtor believes that the Purchase Option is a valuable asset of the Debtor's estate, which will attract investors or purchasers for the Debtor.

## DEBTOR'S LEASE

6. The Debtor is the tenant of the Premises pursuant to a sublease with Barrow Realty LLC (the "Landlord") with a written lease (the "Lease") dated January 2006. The Lease terminates in January 2016. (A copy of the Lease is attached as Exhibit A.) Importantly, the Debtor is current on the post petition Lease payments. The Debtor currently pays approximately $22,000.00 a month in fixed rent for the Premises plus other customary charges, such as taxes.

## RELIEF SOUGHT HEREIN.

7. The Lease is by far the estate's most valuable property. Moreover, if the Debtor does not extend the time to reject or assume the Lease and such Lease is deemed rejected by operation of law, it is most unlikely that the Debtor will be able to continue operating its ongoing business.

3

8. Accordingly, it is imperative that the Debtor be granted an extension of the time to assume or reject the Lease for a period of ninety days (90) days-- up through and including May 20, 2010.

**JURISDICTION AND STATUTORY PREDICATE.**

9. This Court has jurisdiction over this Motion as a "core proceeding" under 28 U.S.C. §§157(a) and (b)(2)(A) and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York. Venue of this case is proper in this district under 28 U.S.C. §§1408 and 1409. The basis for the relief sought herein is 11 U.S.C. §§ 105(a) and 365(d)(4).

10. Section 365 of the Bankruptcy Code provides, in relevant part, that:

> (4)(A) Subject to paragraph (B), an unexpired lease of nonresidential real property under which the debtors is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of:
>
> (i) the date that is 120 days after the date of the order for relief; or
> (ii) the date of the entry of an order confirming a plan.
>
> (B)(i) the court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. §365(d)(4).

11. Accordingly, a debtor--initially--is provided with one hundred twenty (120) days from the date of its filing in which to elect whether to assume or reject an unexpired lease of non-residential real property under which the debtor is the lessee. In recognition that the initial one hundred twenty (120) day period may not provide a debtor sufficient time in which to stabilize its financial affairs and formulate a plan to exit bankruptcy, the statute gives the Court discretion to extend such period for an additional ninety (90) days, without the necessity of the consent of the landlord for the affected property. After the two hundred ten (210) days, a debtor can thereafter extend its time to assume or reject *only* upon the prior written consent of its lessor. Accordingly, 11 U.S.C. §365(d)(4)(B)(i) specifically provides that the Court may extend the initial one hundred twenty (120) day period and allow the debtor-in-possession an additional 90 days.

12. The Debtor's time to assume or reject the Lease currently expires on February 19, 2010. Thus, the Debtor seeks herein, to

5

extend its time to assume or reject the Lease for the additional ninety (90) days allowed by the Bankruptcy Code -- up, through and including May 20, 2010.

13. Although the amendments to Section 365 of the Bankruptcy Code under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 may have restricted a Debtor's ability to extend its time to assume or reject unexpired leases, an extension under Section 365(d)(4)(B)(I) still requires that "cause" be established. *See id*. The Debtor respectfully submits that ample cause exists here for an extension of time to assume or reject the Lease.

14. The factors a court considers when determining whether to grant a debtor additional time to assume or reject unexpired leases of non-residential real property include:

> (i) Whether the debtor was paying for the use of the property;
>
> (ii) Whether the debtor continued occupation . . . could damage lessor beyond the compensation available under the bankruptcy code;
>
> (iii) Whether the lease is the Debtor's primary asset; and
>
> (iv) Whether the debtor has had sufficient time to formulate a plan.

*South Street Seaport Ltd. Partnership v. Burger Boys, Inc., (In re Burger Boys, Inc.)* 94 F.3d 755, 761 (2d Cir. 1996); *Theatre Holding Corp. v. Mauro*, 681 F.2d 102 (2d Cir. 1982) and *In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bkrtcy.S.D.N.Y. 1987); *see also* 3 COLLIER ON BANKRUPTCY &365.04[4], n. 74f (15th ed. Revised 2006) (stating that "prior law interpreting [non-amended provisions of section 365(d)(4)] should continue to apply. . .").

15. The factors that a court considers when determining whether to grant a debtor additional time to assume or reject unexpired leases of non-residential real property are present.

> (i) As discussed, the Debtor is current on its post petition rent;
>
> (ii) As discussed, the Landlord will not suffer prejudice by the Debtor remaining in the Premises for an additional 90 days;
>
> (iii) As discussed, it is unlikely that the Debtor can continue as an ongoing concern without the Premises. Additionally, the Purchase Option represents a significant asset of the Debtor; and
>
> (iv) The Debtor has not had sufficient time to formulate a plan because the Debtor and its managing member have been

actively seeking investors or purchasers of the Debtor.

16. Accordingly, the Debtor respectfully submits that it should be granted an extension of its time to assume or reject the Lease for a period of ninety (90) days, through and including May 20, 2010.

17. The Debtor further submits that no party in interest will suffer undue harm if the extension requested herein is granted and that such extension is clearly in the best interests of its estate and its creditors, and, therefore, submits that the Court should grant the relief requested herein.

18. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests:

(a) The entry of an Order pursuant to 11 U.S.C. §§105 and 365(d)(4)(B)(ii), extending the Debtor's time within which to assume or reject the Lease, up through and including May 20, 2010, without prejudice to seeking further extensions upon the written consent of the Landlord, for cause shown; and

(b) Such additional relief as may be appropriate.

Dated:   New York, New York
         January 14, 2010

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Proposed Attorneys for the Debtor
 and Debtor-in-Possession*


By:*/s/ Gabriel Del Virginia*
Gabriel Del Virginia (GDV-4951)
488 Madison Avenue-19th Floor,
New York, New York 10022.
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*